## ARNOLD vs. FOWLER.

[BILL IN EQUITY TO ENJOIN JUDGMENT AT LAW ON WRITTEN CONTRACT, AND SUBSTITUTE PAROL, FOR WRITTEN, CONTRACT.]

1. *Written instruments; when equity will grant relief in cases of.*—Equity will grant relief in cases of written instruments where there is a plain mistake, clearly made out by satisfactory proof.

2. *Same; what testimony insufficient to reform.*—A written agreement by the vendor to deliver a lot of cotton to the purchaser at a specified place, after due notice given, fire risk excepted, will not be reformed into one to pay the freight only, when the testimony of the complainant is negatived by that of the defendant, and the only other witness of the complainant testifies that the sale was pending two or three days, and that he did not pay particular attention to what was being said by the parties.

APPEAL from Chancery Court of Montgomery.
Heard before Hon. A. C. FELDER.

This was a bill in equity filed by the appellant, Arnold, against the appellee, Fowler, seeking to amend, correct and reform the contract evidenced by the following instrument in writing :

"Received of Lundy & Lapsley, $3,235 82, in full for 21 bales of cotton, weighing 12,149 pounds, and I promise to keep said cotton on my plantation under shelter, off the ground, and secure from stock, and further promise to deliver the same at my nearest shipping point or landing, as soon as practicable after being notified to do so.

"April 4th, 1863.                    JNO. J. SANDERS."

Endorsed on back as follows : " We transfer the within agreement to D. S. Arnold, January 25th, 1865.

"GOODWIN & ROBINS."

" I transfer the within cotton to Capt. Wm. Fowler, and agree to deliver the 21 bales at Selma after due notice is given.   J. J. S.   No. 1 to 21.   Fire risks excepted.

"D. S. ARNOLD."

so as to make the contract, simply to pay the freight on the cotton to Selma.

The facts alleged in complainant's bill, and in his own testimony and that of Baker, witness for complainant, as well as the answer and testimony of the respondent, Fowler, are fully set out in the opinion.

It was proved, that before demanding the cotton of Arnold, Fowler had sent an agent to get the cotton from the plantation of Sanders, and also sent bagging and rope to a railroad station near by, to pack and bale up the cotton when delivered, but failing to get the cotton, at that time, he sent the obligation to Lundy & Lapsley, who originally bought the cotton, with directions to endeavor to get the cotton from Sanders, delivered. Failing to recover the cotton, Fowler brought suit against Arnold, in the circuit court, for damages, for failure to deliver said cotton, and took judgment by default, Arnold believing that judgment could not be rendered against him at the first term after service, and therefore not appearing. As soon as Arnold discovered his mistake, he employed counsel to defend, and made a motion for a new trial, which being refused, the case was appealed to the supreme court and there affirmed against said Arnold. The sheriff of Montgomery, who was about to levy said execution, at the filing of the bill, on the property of appellants, was also made a party defendant to the bill, and an injunction prayed to restrain him from selling, &c.

On the final hearing, upon bill, answer, exhibits and testimony, the chancellor dismissed the bill, and taxed the appellant with costs. The decree of the chancellor is now assigned for error.

ELMORE & GUNTER, and MARTIN & SAYRE, for appellants.
WATTS & TROY, *contra*.

B. F. SAFFOLD, J.—Equity will grant relief in cases of written instruments, where there is a plain mistake clearly made out by satisfactory proofs.—1 Story's Eq. Jurisp. § 157; *Gillespie v. Moon*, 2 Johns. Ch. Rep. 595–597; *Lyman v. United Ins. Co.*, 2 Johns. Ch. Rep. 630.

The written agreement, sought to be reformed, is that the appellant Arnold transferred to the appellee Fowler

twenty-one bales of cotton, and agreed to deliver it at Selma after due notice. The mistake alleged is, that Arnold only agreed to pay the freight on the cotton from a certain point on the railroad to Selma, instead of to deliver the cotton at Selma.

The answer, not under oath, denies explicitly the allegation of the bill. Both parties were examined as witnesses. The complainant testifies that the written agreement does not express the terms of the contract, but that it was made after the sale had been concluded, at the office of the defendant, where he had gone to collect the money, and in the hurry and excitement of the moment.

The defendant swears that the writing was made at the counting-room of the complainant, on the day of the purchase, and that it expresses the real contract of the parties; that the exception of fire risk was inserted at the instance of the complainant.

A. R. Baker, a witness for the complainant, deposes that he was present when the sale was made in the store of Arnold. Arnold was to sell the cotton to Fowler at a certain price, not recollected, transfer to him the written obligation of Sanders to deliver it at his nearest depot, which he did, and to pay the freight from the depot to Selma. Fowler was to pay for the cotton, which he did then and there, by paying the money, or giving a check; he thinks he gave a check. Arnold assumed no other liability that he knew of; he was not present when any other contract was made; the negotiations were pending for two or three days. He did not pay particular attention to what was being said by them, but heard them trading, and made the account of sales. He was in the employment of Arnold, and endeavored to make his employer's interest his own. In addition to this evidence for the complainant, there was proof of attempts by the defendant to obtain possession of the cotton without application to the complainant for its delivery, as shown by the letters to him from W. T. Lundie, and his purchase of bagging and rope to fit it for market.

The purpose of the bill is to enjoin the collection of a

judgment at law, obtained by the defendant against the complainant on a written contract, and to substitute, for the written, a parol contract entirely different from the written one, and so affecting the interest of the parties that the defendant, instead of receiving a large sum of money, will recover from the complainant a mere trifle.

This can be done in equity, if the proof is sufficiently clear and cogent. Parol evidence is admissible to prove the mistake, though it is denied in the answer; and this, either where the plaintiff seeks relief affirmatively on the ground of the mistake, or where the defendant sets it up as a defense, or to rebut an equity.—See authorities above quoted.

The obligation of a contract is the intention of the parties, as expressed and understood by them, at the time of its execution. The written evidence of this intention, signed by the party to be charged at the time, is so far superior to parol testimony that the latter can not be admitted until the absence of the former is satisfactorily accounted for. In the case under consideration the testimony of the complainant is neutralized by that of the defendant. The attempts of Fowler to obtain the cotton, prior to a demand on Arnold for its delivery, are circumstances too slight and unmeaning to admit of much consideration. Having the contract of sale of the party in possession, if he could procure the delivery, without application to his immediate vendor, there would be nothing inconsistent with his contract to do so.

The transfer of Sanders' obligation to the defendant, and the testimony of Baker, are the strong points in the complainant's favor. As to the first, it seems that this obligation of Sanders was transferred by Lundie & Lapsley by delivery merely. The next transfer by Goodwin & Robbins, is of "the within agreement to D. S. Arnold." Arnold's transfer to Fowler is of "the within cotton," with an obligation to deliver it at Selma, fire risk excepted. Independently of the stipulation to deliver the cotton, has not Arnold by this agreement undertaken more than the prior assignors? All of the evidence is, that he sold the cotton to Fowler. Is he not liable to him for damages on

Sanders' default, even if Fowler undertook to apply to him for the cotton ? The testimony of Baker tends to limit his liability, but he admits that he did not pay particular attention to what was being said, and that the negotiations for the sale were protracted through two or three days. He and Arnold might have understood the contract as they state it to be, and Fowler, as he claims it to be. There is no proof by the complainant of any circumstances of hurry and excitement on his part at the time of writing his transfer. He placed in the possession of the defendant his own written statement of the extent of his agreement. If either party was unintentionally mistaken, the loss should fall on him who was the cause of the misapprehension. We do not think the evidence of mistake is so conclusive as to justify the proposed alteration of the written contract.

The other grounds of relief are negatived by the answer, and supported and denied by the testimony of the parties only.

The decree is affirmed.